FILED

NOV 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANE GROW, | No. 10-17055 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00105-LRH-RAM |
| v. | |
| ADAM GARCIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Lane Grow appeals from the district court's order denying him an extension

of time to file a notice of appeal from the court's summary judgment in his 42

U.S.C. § 1983 action alleging various claims related to his termination from the

University of Nevada Reno Police Department. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion, *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc), and we affirm.

The district court did not abuse its discretion in finding that Grow failed to establish good cause or excusable neglect for an extension of time to file his notice of appeal after weighing all factors relevant to its equitable determination. *See* Fed. R. App. P 4(a)(5)(A) (a party must show good cause or excusable neglect to obtain extension of time to file notice of appeal); *Pincay*, 389 F.3d at 855 (listing factors to determine excusable neglect). The district court did not clearly err in concluding that counsel's last-minute excuse regarding computer problems was manufactured, unverifiable, or implausible, and that it failed to establish either good cause based on events beyond counsel's control or otherwise constitute excusable neglect. *See id*. at 859 (district court is in a better position to evaluate relevant factors for excusable neglect in each case).

Grow's remaining contentions are unpersuasive.

**AFFIRMED.**